IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| LEONARD K. STROBBE, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 11-1086-CV-W-NKL-SSA |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

Plaintiff Leonard Strobbe, Jr., challenges the Social Security Commissioner's denial of his application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401, *et. seq*.

Strobbe argues that the Administrative Law Judge ("ALJ") erred by (a) failing to consider the opinion of treating psychologist Dr. Sumerall; (b) giving insufficient weight to the opinions of treating physician Dr. Malis and consultative examiner Dr. Lee; and (c) discrediting Strobbe's credibility based on an inaccurate view of Strobbe's daily activities. Strobbe also argues that the Appeals Council erred on appeal for failing to remand for consideration of new evidence. Because the Court finds convincing some of these arguments, the Court reverses the ALJ's decision and remands for further consideration.

**I. Background**

On March 22, 2010, Strobbe filed an application for a period of disability and

1

disability insurance benefits, alleging disability since February 28, 2010. After a hearing in front of an ALJ, the ALJ issued a decision denying benefits to Strobbe.

Strobbe's medical records submitted to the ALJ included a medical source statement from Strobbe's treating physician, Dr. Malis. This statement included Dr. Malis's conclusions that Strobbe can only stand/walk for less than two hours total in an eight-hour day and can only sit for less than two hours total in an eight-hour day. [Doc. # 9-10 at 77]. At Strobbe's hearing, a vocational expert testified that a hypothetical claimant with both the limitations found by the ALJ and the limitations found by Dr. Malis would be disabled. [Doc. # 9-3 at 63]. The ALJ stated in his decision that he afforded "little weight" to the opinion of Dr. Malis because it was based on "claimant's subjective reports rather than any true, objective testing" and because "[t]reatment notes indicate only moderate symptoms." [Doc. # 9-3 at 23].

Strobbe's medical records also include the report of consultative examiner Dr. Lee. Dr. Lee noted that Strobbe demonstrated "some pain behaviors" and evidence of decreased effort on examination. [Doc. # 9-9 at 93]. This report also included Dr. Lee's conclusion that Strobbe would need to take "breaks as needed due to weakness of bilateral lower extremities." At Strobbe's hearing, a vocational expert testified that a hypothetical claimant with both the limitations found by the ALJ and the limitations found by Dr. Lee would be disabled. [Doc. # 9-3 at 64]. The ALJ stated in his decision that he afforded "little weight" to the opinion of Dr. Lee because Dr. Lee's conclusion was "not support [sic] by the record, objective testing or treatment notes." [Doc. # 9-3 at 23].

Strobbe also submitted to the ALJ, on October 21, 2010, the report of treating psychologist Dr. Sumerall. The ALJ's decision, dated October 28, 2010, did not mention this report. Dr. Sumerall's report indicated that Strobbe was "markedly" limited in every ability in the categories of "understanding and memory", "sustained concentration and persistence", "social interaction memory", and "adaptation." [Doc. # 9-11 at 111]. The report also indicated that Strobbe could not "Understand, remember, or carry out simple instructions", "Make judgment [sic] that are commensurate with the functions of unskilled work – i.e., simple work-related decisions", "Respond appropriately to supervision, co-workers, and usual work situations", or "Deal with changes in routine work setting." [Doc. # 9-11 at 112].

**II.     Analysis**

In reviewing a denial of disability benefits, the Court considers whether the ALJ's decision is supported by substantial evidence on the record as a whole. *See Travis v. Astrue*, 477 F.3d 1037, 1040 (8th Cir. 2007). "Substantial evidence is evidence that a reasonable person might accept as adequate to support a decision." *Cox v. Barnhart*, 245 F.3d 606, 608 (8th Cir. 2003) (internal quotes omitted).

Strobbe points out that the ALJ's decision failed to mention the report of treating psychologist Dr. Sumerall. Strobbe argues that this omission was error. "ALJs are not obliged to defer to treating physician's medical opinions unless they are well-supported by medically acceptable clinical and laboratory diagnostic techniques and are not inconsistent with the other substantial evidence in the record." *Juszczyk v. Astrue*, 542 F.3d 626, 632 (8th Cir. 2008) (internal quotes omitted).

The Commissioner agrees that Dr. Sumerall "advocated extreme mental limitations" and "endorsed the most limiting available choice for every single area of functioning." [Doc. # 18 at 7]. The Commissioner explains that the ALJ received Dr. Summerall's report the week of his decision, but points to no legal excuse for the ALJ's failure to incorporate Dr. Summerall's opinion into the ALJ's decision. Rather, the Commissioner argues that the Court should disregard Dr. Sumerall's opinion for several reasons. Specifically, the Commissioner argues: (a) that Dr. Sumerall only treated Strobbe on two occasions; (b) that Dr. Sumerall's conclusions were not supported by his treatment notes; (c) that Dr. Sumerall changed his earlier conclusions based solely on Strobbe's subjective complaints; and (d) that Dr. Sumerall's conclusions contradict other medical reports from the same time period.

The Commissioner's arguments would perhaps have permitted the ALJ to give only little weight to the conclusions of Dr. Sumerall if given as explanations by the ALJ in his decision. But the Commissioner has not provided any authority for the proposition that an ALJ's failure to consider the opinion of a treating physician, submitted to the ALJ before the ALJ enters his decision, can somehow be rendered "harmless error" by a reviewing court. In fact, this error is itself cause for remand. *See* 20 C.F.R. § 404.1527(c)(2) ("[The Social Security Administration] will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion."); *see also Jones v. Chater*, 65 F.3d 102, 104 (8th Cir. 1995) (finding remand "necessary" because a reviewing court "cannot speculate whether or why an ALJ rejected certain evidence").

Strobbe also argues that the ALJ erred in assigning only "little weight" to the opinions

of treating physician Malis and consultative examiner Lee. It is clear from the record that the limitations assessed by either of these doctors, if accepted by the ALJ, would render Strobbe disabled. The ALJ explicitly stated that one of the reasons he gave little weight to Dr. Lee's opinion was because it was not supported by the record. The ALJ's review of that record did not include discussion of the conclusions of Dr. Sumerall. But it appears highly likely that the marked limitations assessed by Dr. Sumerall, if accepted by the ALJ, would also support a finding of disability. Thus, the ALJ has failed to discuss evidence in the record from a treating physician that is consistent with the opinions of Drs. Malis and Lee. Because the ALJ did not discuss the conclusions of Dr. Sumerall, the Court cannot at this time determine whether substantial evidence exists for the ALJ's decision to assign little weight to the opinions of Drs. Malis and Lee. *See Jones*, 65 F.3d at 104. On remand, the ALJ is instructed to reconsider whether to continue to give only little weight to the opinions of Drs. Malis and Lee in light of Dr. Sumerall's conclusion that Strobbe has several marked limitations in mental and social functioning.

Strobbe argues that the ALJ "overstated the nature and extent of claimant's daily activities" by disregarding some of Strobbe's explanations for why his daily activities suggested disability. Strobbe is apparently arguing that the ALJ improperly discredited Strobbe's credibility. "The duty of deciding questions of fact, including the credibility of [a claimant's] subjective testimony, rests with the Commissioner." *Gregg v. Barnhart*, 354 F.3d 710, 713 (8th Cir. 2003). The Eighth Circuit has further stated: "If an ALJ explicitly discredits the claimant's testimony and gives good reason for doing so, we will normally

defer to the ALJ's credibility determination." *Id*.

Substantial evidence exists for the ALJ's decision to discredit Strobbe's credibility. Dr. Lee's notes clearly reflect that the doctor suspected Strobbe of exaggerating pain symptoms and showing decreased effort during an examination. This is substantial evidence for the ALJ to discredit Strobbe's credibility and to disbelieve some of Strobbe's testimony at the hearing about his daily activities. *See Baker v. Barnhart*, 457 F.3d 882, 892 (8th Cir. 2006) (stating that an ALJ was entitled to draw conclusions about a claimant's credibility based on evidence that the claimant was exaggerating symptoms and giving less than full effort on examination). Also supporting the ALJ's conclusion is his finding that Strobbe complained at his hearing of symptoms that were not supported by the record and that he had never reported to a physician. *See Barrett v. Shalala*, 38 F.3d 1019, 1023-24 (8th Cir. 1994) ("In particular, a failure to seek aggressive treatment is not suggestive of disabling back pain.") (internal quotes and alterations omitted). Finally, the ALJ did not completely disregard Strobbe's explanation of his daily activities; instead, he concluded that Strobbe's daily activities are "not that restricted." [Doc. # 9-3 at 22]. For these reasons, substantial evidence exists for the ALJ to discredit Strobbe's credibility.

Finally, Strobbe argues that the Commissioner erred in failing to consider new evidence submitted to the Social Security Appeals Council. Because this evidence was submitted to the Appeals Council, the Court must consider "if the additional evidence is (a) new, (b) material, and (c) relates to the period on or before the date of the ALJ's decision." *Box v. Shalala*, 52 F.3d 168, 171, 171 n.4 (8th Cir. 1995) (internal quotes omitted). If the

evidence meets these three requirements, and the Appeals Council failed to consider it, then the Court can remand the case for further reconsideration. *Id*.

The Commissioner argues that the ALJ did, in fact, consider the new evidence in denying Strobbe's request for review. This claim is supported by what appears to be a boilerplate notice by the Appeals Council stating that it reviewed Strobbe's record and "considered the reasons you disagree with the decision and the additional evidence listed on the enclosed Order of Appeals Council. We found that this information does not provide a basis for changing the Administrative Law Judge's decision." [Doc. # 9-3 at 2-3]. The Eighth Circuit appears to have accepted as true similar claims by the Appeals Council that it reviewed new evidence. *See Flynn v. Chater*, 107 F.3d 617, 621 (8th Cir. 1997). But in such a situation, the Court is ordinarily required to "speculate on how the ALJ would have weighed the newly submitted reports had they been available at the initial hearing." *Id*. at 622. Because the Court remands this case on other grounds, the Court instructs the ALJ to consider on remand the new evidence submitted by Strobbe to the extent it is relevant under the Regulations.

### III. Conclusion

Accordingly, it is hereby ORDERED that Leonard Strobbe's Petition [Doc. # 4] is GRANTED. The decision of the ALJ is REVERSED and remanded for reconsideration consistent with this Opinion.

                                                   s/ Nanette K. Laughrey
                                                   NANETTE K. LAUGHREY
                                                   United States District Judge

Dated: July 17, 2012
Jefferson City, Missouri